IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DEBORAH A. HASKIN,

    Plaintiff,

v.

CAROLYN W. COLVIN,
Commissioner of Social
Security,

    Defendant.

Civil No. 3:14-cv-00323-TC

OPINION AND ORDER

COFFIN, Magistrate Judge:

Plaintiff brings this action pursuant to the Social Security Act, 42 U.S.C. § 405(g) to obtain judicial review of the Commissioner's decision denying her applications for disability insurance benefits (DIB) and Supplemental Security Income (SSI) under the Act. Upon review of the record and the parties' submissions, the decision of the Commissioner is affirmed and this case is dismissed.

1 - OPINION AND ORDER

PROCEDURAL HISTORY

On October 1, 2010, plaintiff protectively filed a DIB application, as well as an SSI application. Tr. 203-14. She alleged disability beginning September 24, 2008, due to "back problems, cysts, bipolar, ankle problem, and carpal tunnel." Tr. 271. After plaintiff's application was denied initially and on reconsideration, she requested a hearing before an administrative law judge (ALJ). Tr. 130-37, 144. On August 23, 2012, plaintiff appeared and testified at the hearing – represented by counsel – as did vocational expert (VE), Nancy E. Bloom. Tr. 46-68. On September 25, 2012, the ALJ found plaintiff not disabled at any time from September 24, 2008 through September 25, 2012. Tr. 23-34. The Appeals Council denied plaintiff's request for review. Tr. 1-3. Subsequently, plaintiff filed a complaint in this court.

STANDARD OF REVIEW

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971)

(citation and internal quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is rational. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected…to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

## DISCUSSION

Plaintiff argues that the ALJ erred by failing to: 1) offer specific, clear and convincing reasons for discrediting her symptom testimony; 2) properly assess lay witness testimony; and 3) incorporate her bladder functioning into the Residual Functional Capacity (RFC) determination. Pl.'s Br. 16-27.

I.  Plaintiff's Credibility

Plaintiff argues that the ALJ erred in failing to offer specific, clear and convincing reasons for discrediting her

3 - OPINION AND ORDER

symptom testimony. Pl.'s Br. 16. Plaintiff also claims her activities are much more limited and that the ALJ's credibility analysis is "one-sided." Pl.'s Br. 19.

For example, plaintiff testified she has difficulty reaching overhead because her right shoulder has no cartilage. Tr. 53. Plaintiff also claims she has arthritis in her hips and can stand and sit for only fifteen minutes each. Tr. 54, 63-64. Plaintiff stated that she takes Soma to relax her muscles and Hydrocodone for pain. Tr. 64. Moreover, plaintiff claims she has problems with her bladder requiring her to go the bathroom 5 or 6 times per day, for 15-20 minutes, but is looking into surgical options to improve her lack of retention. Tr. 54-57, 62.

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." Orteza v. Shalala, 50 F.3d 748, 750 (9th Cir. 1995).

4 - OPINION AND ORDER

The ALJ may employ ordinary techniques of credibility evaluation, such as the claimant's reputation for lying and prior inconsistent statements concerning the alleged symptoms. Smolen, 80 F. 3d at 1284. If the "ALJ's credibility finding is supported by substantial evidence in the record, [the court] may not engage in second-guessing." Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002). The ALJ may also consider the claimant's daily activities, work record, and the observations of physicians and third parties with knowledge about the claimant's functional limitations. Smolen, 80 F.3d at 1284.

The ALJ concluded plaintiff's statements about her symptoms and limitations were not reliable evidence and he pointed to specific and legitimate evidence in the record for finding plaintiff not credible. Tr. 34-35.

First, the ALJ noted the record reflected plaintiff's drug-seeking behavior and her "trumped up complaints in order to get controlled substances." Tr. 34, 1092. Exaggerating complaints of pain in order to receive prescription pain medication is a sufficiently clear and convincing reason to conclude that plaintiff was not credible. Edlund v. Massanari, 253 F.3d 1152, 1157 (9th Cir. 2001).

Second, the ALJ found plaintiff's demonstrated activities were inconsistent with her allegations of disability. Tr. 34.

5 - OPINION AND ORDER

When a claimant's daily activities "contradict claims of a totally debilitating impairment," performance of those activities may serve as a basis for discrediting a claimant. Molina, 674 F.3d at 1112-13. For example, the ALJ found that plaintiff engaged in mentally and physically demanding activities, such as exercising, acting as her father's primary care provider, washing dishes, sweeping floors, cleaning cat boxes, feeding birds, doing laundry, cleaning bathrooms, handling her personal care, walking, shopping in stores, handling money, reading, socializing with family and friends, and going to church. Tr. 247-55. Moreover, the ALJ noted that plaintiff's father and boyfriend also reported that she could perform similar activities. Tr. 288-96.

Third, the ALJ noted that plaintiff had received largely routine and conservative treatment for her various complaints. Tr. 34. The ALJ may consider objective medical evidence and the claimant's treatment history, as well as any unexplained failure to seek treatment or follow a prescribed course of treatment. Smolen, 80 F. 3d at 1284. Specifically, the ALJ observed that plaintiff had undergone very little physical therapy for her musculoskeletal complaints, she had many normal examinations, and she failed to reschedule recommended bladder surgery. Tr. 1113. The ALJ found that this level of treatment was not

6 - OPINION AND ORDER

consistent with plaintiff's alleged severe limitations. Tr. 34.

Fourth, the ALJ also found plaintiff's inconsistent statements weakened her credibility. Tr. 35. Specifically, the ALJ found there was evidence in the record that plaintiff believed she could work despite her impairments. Tr. 35. In June 2009, for example, she reported having several work interviews and that she was going to North Carolina to take care of her two-year-old granddaughter. Tr. 524. She also reported working as a caregiver in March 2012. Tr. 1217.

In sum, the ALJ provided specific, clear and convincing reasons, supported by substantial evidence, for discrediting plaintiff's symptoms testimony. Consequently, the ALJ's credibility finding is affirmed.

## II. Lay Witness Testimony

Plaintiff also argues that the ALJ failed to properly assess lay witness testimony from Sammy Moore, her boyfriend, and Marvin Rhodes, her father. Pl.'s Br. at 20-22. Specifically, plaintiff claims the ALJ improperly rejected this lay testimony "because of his determination of plaintiff's own credibility, which he stated was not supported by medical evidence in the record." Pl.'s Br. at 21.

Lay witness testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account" unless

7 - OPINION AND ORDER

the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite to the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even if the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. Id. at 512. The ALJ may "draw inferences logically flowing from the evidence." Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

Here, the record reveals that the ALJ found the lay witnesses to be credible and did not reject the lay statements from Mr. Moore or Mr. Rhodes. Instead, the ALJ found these lay witnesses described plaintiff as engaging in a level of activity that was inconsistent with her allegation of severe limitation. Tr. 34. For example, Mr. Rhodes reported that plaintiff was his caregiver, cleaned his house, did his laundry, cooked his food, and took him to doctor appointments. Tr. 255. He also described plaintiff as feeding three cats, cleaning the cat boxes, feeding birds, vacuuming, going outside at least once a day, walking, driving a car, grocery shopping, handling money, working in the yard, reading, attending church, and socializing with family. Tr. 255-59.

8 - OPINION AND ORDER

Further, Mr. Moore described a similar level of activity, which the ALJ reasonably concluded was inconsistent with plaintiff's claim of severe limitation. Tr. 288. Consequently, the ALJ did not err in considering the lay witness statements.

III. Plaintiff's RFC Assessment

Plaintiff argues that the ALJ did not adequately account for her "bladder incontinence and frequency issues" into the RFC determination. Pl.'s Br. at 24-25.

The RFC is the maximum a claimant can do despite her limitations. See 20 C.F.R. § 404.1545, 416.945. In determining the RFC, the ALJ must consider limitations imposed by all of a claimant's impairments, even those that are not severe, and evaluate "all of the relevant medical and other evidence," including the claimant's testimony. SSR 96-8p, available at 1996 WL 374184.

The ALJ is responsible for resolving conflicts in the medical record and translating the claimant's impairments into concrete functional limitations in the RFC. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008). Only limitations supported by substantial evidence must be incorporated into the RFC and, by extension, the dispositive hypothetical question posed to the VE. Osenbrock v. Apfel, 240 F.3d 1157, 1163-65 (9th Cir 2001). An ALJ is free to accept or reject restrictions that

9 - OPINION AND ORDER

are not supported by substantial evidence. Id. at 1164-1165.

Here, the ALJ properly concluded at step two of the disability evaluation that plaintiff had not met her burden of establishing that her bladder problems resulted in any significant limitation. Tr. 21. The ALJ found that this alleged limitation was based solely on the plaintiff's complaints which, as stated above, he found not credible. Accordingly, the ALJ was not required to include plaintiff's less than reliable limitations regarding her bladder in the RFC assessment. Plaintiff's argument, which is contingent upon a finding of harmful error in regard to the ALJ's credibility finding, is without merit. Bayliss, 427 F.3d at 1217-18. As such, the ALJ's RFC and step two finding are upheld.

## CONCLUSION

The ALJ gave clear and convincing reasons, supported by substantial evidence in the record, for finding plaintiff not disabled under the Act. Accordingly, the decision of the Commissioner is AFFIRMED and this case is DISSMISSED.

IT IS SO ORDERED.

DATED this 20 day of April, 2015.

_____
Thomas M. Coffin
United States Magistrate Judge